Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NEW YORK MEDIA, LLC, and DOES 1 through 10, <br><br> *Defendants.* | Case No. 2:19-cv-7826 <br><br> **COMPLAINT** <br><br> *Jury Trial Demanded* |

Plaintiff Michael Grecco Productions, Inc., for its Complaint against defendant New York Media, LLC, alleges as follows:

1.     This is an action for copyright infringement brought by plaintiff, the holder of all copyrights to the photographs described below, against all defendants for uses of plaintiff's photograph without authorization or permission.

## JURISDICTION AND VENUE

2.     This is an action for injunctive relief, statutory damages, monetary damages, and other relief under the copyright law of the United States.

3.     This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

5.     This Court has personal jurisdiction over defendant New York Media because it has a principal places of business in this judicial district, is doing business in the State of California and in this judicial district, and has caused injury to plaintiff and his intellectual property within the State of California and in this judicial district.

6.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) or § 1391(b)(2), as well as 28 U.S.C. § 1400(a).

**PARTIES**

7.     Plaintiff Michael Grecco Productions is a corporation organized and existing under the laws of the State of California with its principal place of business in Santa Monica, in Los Angeles County.

8.     Defendant New York Media is, according to documents on file with the California Secretary of State, an entity organized and existing under the laws of the State of Delaware with its principal place of business in New York.

9.     According to documents on file with the California Secretary of State, New York Media is authorized to do business in the state of California and has a primary office located in Santa Monica.

10.     New York Media is a media enterprise that publishes *New York* magazine and NYmag.com, as well as online publications Vulture, The Cut, Grub Street, Intelligencer, and The Strategist. The magazine and websites feature articles on entertainment, brands, sports, culture, and other topics. *New York* magazine maintains a verified circulation of over 400,000 subscriptions and 14 million users visit the websites each month.

11.     Defendants DOES 1 through 10 are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants DOES 1 through 10 are

2

currently unknown to plaintiff, which therefore sues them by fictitious names and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

12.     Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

**BACKGROUND FACTS**

13.     In the marketplace, celebrity photos carry tremendous value. Plaintiff has licensed individual images of celebrities to major content outlets for sometimes tens of thousands of dollars. Plaintiff's business is to provide such images, on an exclusive or non-exclusive basis, to major media publications and other entities that need imagery to accompany written content. Celebrity content, celebrity gossip, and celebrity photos are among the most valued content that generates and drives traffic to websites.

14.     Defendants here have driven traffic to their websites in part by the presence of sought-after and searched-for celebrity images—including, as set forth below, an image that plaintiff owns. This traffic translates to significant advertising revenue. That is, content websites like New York Media's effectively monetize the content on their websites by securing eyeballs, which translates to ad revenue. Violating plaintiff's copyright by using a photographic image without authorization assists in this strategy.

COMPLAINT

**A.     Michael Grecco, a Professional Photographer**

15.     Michael Grecco is a commercial photographer and film director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for high profile companies like Fox, NBC/Universal, GE, Pfizer, HBO, Kodak, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier and MAXIM. His work is regularly featured in prestigious venues, including the Louis Stern, G. Ray Hawkins, Stephen Cohen and Fahey Klein galleries.

16.     Plaintiff Michael Grecco Productions owns Grecco's intellectual property. Grecco, operating through plaintiff, meticulously protects his intellectual property against infringement both within the United States and throughout the rest of the world.

17.     The cachet of Grecco's portfolio, and his talent, have resulted in substantial licensing opportunities throughout the years on which he relies to research and fund future photo shoots and to pay himself and his staff at Michael Grecco Productions. Grecco has always maintained the publishing rights to his works, knowing they would provide the revenue. Grecco also relies on income generated from licensing his photographs for his living. Through plaintiff, Grecco employs a staff dedicated to setting up new photo shoots, as well as managing, monetizing, and policing the intellectual property of his portfolio.

18.     Unfortunately, a multitude of works by Grecco are now on the internet, without authorization and without compensation to Grecco or plaintiff, as a result of intellectual property theft. The magnitude of this theft is a baleful compliment to his talents: web pirates, who pay nothing for stolen content, can select the best.

19.     Plaintiff, which licenses Grecco's works, has been forced to incur costs to discover piracy and to help collect the revenues due to him from the tide of copyright infringements. The policing of his intellectual properties has become a cumbersome and expensive task which adds to the cost of every image produced. As

1  in the past, despite the constant struggle against internet piracy, Mr. Grecco still relies

2  on these revenues to continue his work.

3  **A.    The Infringed Image and Defendants' Unauthorized Use**

4         20.    Plaintiff is the owner and exclusive copyright holder of photographic

5  image (the "Image") as follows:

6         21.    The Image is a promotional still photograph of David Duchovny and

7  Gillian Anderson as fictional characters Fox

8  Mulder and Dana Scully from the popular TV

9  show "The X Files."  In this Image, agent

10  Mulder is holding a flashlight above his head

11  while standing next to agent Scully in a

12  turquoise-colored room.  The image is

13  registered to plaintiff with Registration No.

14  VA 1-232-596 (eff. Sept. 8, 2003) in

15  compliance with the Copyright Act.  The Image

16  appears to the right.



17         22.    The Image was created at the request of plaintiff's client, which was

18  granted a license that was limited by time, by scope of use allowed, by right to

19  sublicense, or by a combination of the foregoing.

20         23.    Plaintiff never licensed the Image to defendants. Nevertheless,

21  defendants used the Image on its website by prominently featuring the Image to

22  promote an article and slideshow unrelated to the Image itself and to drive

23  viewership, as set forth below.

24         24.    Defendant New York Media used the Image by copying it and

25  displaying it on vulture.com in an article entitled *Don't Be Surprised if These Nine*

26  *TV Shows Get Rebooted Next*, by Josef Adalian and Kyle Buchanan (the "Article").

27  The article with an accompanying slideshow was published on November 4, 2011,

28  and continues to be displayed at the time this Complaint was filed.

25. On information and belief, Josef Adalian was employed by New York Media, as a writer for Vulture, at the time he published the Article.

26. On information and belief, Kyle Buchanan was an employed author for vulture magazine at the time of the infringement.

27. Defendants did not disclose its unauthorized use of the Image to plaintiff or seek permission to use the Image. Through the exercise of reasonable diligence, plaintiff discovered defendants' unauthorized use of the Image within the last three years. But for plaintiff's discovery of defendants' unauthorized uses, their infringements would still be concealed.

28. Plaintiff exercised diligence in searching for and discovering defendants' unauthorized use of the Image. Plaintiff has an extremely large number of images in its image library, and the Internet is large and extensive. Defendants' unauthorized uses of the Image could not have been discovered earlier through the exercise of diligence by plaintiff.

**B.    Systemic Piracy Destroys the Value of the Creators' Work**

29. Plaintiff conducts business as a syndicator of photos. This business model is predicated on licensing the use of works in multiple outlets, each of which pays a fee to publish. Although the original licensor pays for the creation of the work, plaintiffs' business model depends on additional licenses to fully compensate for the work. In short, the business plan depends on multiples sales of the work over time.

30. Individuals and entities in the media industries know that repeated (sometimes instantaneous) acts of content piracy destroy the syndication value of the work of content creators like Grecco.

31. Defendants' theft of plaintiff's work illustrates the process whereby commercial piracy of content not only deprives the owner of license fees but also destroys the syndication value of the work. Legitimate publications to which plaintiff looks to pay licensing fees are unwilling to pay for works that are already widely disseminated on the internet for free by pirate sites.

6

## C.    Facts That Support a Finding of Willful Infringement

32.    On information and belief, at the time that defendants published the Image, it knew or should have known that it did not have authorization or permission from plaintiff to do so.

33.    More specifically, New York Media is aware of the importance of copyright protection. This is demonstrated on the Vulture website itself, which contains a copyright notice, for example as shown below.

© 2019, NEW YORK MEDIA LLC. VIEW ALL TRADEMARKS

34.    Further, New York Media's awareness of the importance of copyright protection as it pertains to the rights of third parties is demonstrated by the Terms of Use that they publish or link to on each of their websites. The Terms of Use contains language that warns users of the importance of third parties' intellectual property rights, including copyright. The New York Media Terms of Service reads as follows:

> You agree not to use the Interactive Areas or the Sites to make available any content that:
>
> - infringes any patent, trademark, trade secret, copyright, right of privacy or publicity or other proprietary rights of any person;

35.    Despite the awareness of plaintiff's rights under the Copyright laws, defendant acted with at least reckless disregard for, or willful blindness to, those rights. On information and belief, defendant did not pay a license fee, inquire as to the availability of a license, do any work to confirm that the Image was authorized to be copied and displayed, or clear the Image for use on defendant's website.

# CLAIM ONE

## (For Copyright Infringement, 17 U.S.C. § 501)

36.   Plaintiff is the copyright owner of the protected Image named above in this Complaint.

37.   Defendant New York Media has reproduced, displayed, distributed or otherwise copied the Image without Plaintiff's authorization or license.

38.   The foregoing acts of defendant infringed upon the exclusive rights granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

39.   Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

40.   Plaintiff suffered damages as a result of defendant's unauthorized use of the Image.

41.   Having timely registered its copyright in the Image, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

42.   Plaintiff alleges, on information and belief, that defendant operated its businesses by routinely exploiting photographic images without payment to, and without obtaining licenses from, copyright owners. Such commercial piracy by publishers in an industry in which copyrights are prevalent and well-understood will support an award of statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

43.   In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Image, under 17 U.S.C. § 504(b).

COMPLAINT

44.    Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

45.    Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

46.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

47.    If defendant New York Media is not liable as a direct infringer of the Image, it is secondarily liable for the infringements directly committed by individual employee, contractor, or other infringers presently unknown (the "Direct Infringers").

48.    Defendant New York Media contributed to, induced, or assisted infringement by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

49.    Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Image was published on defendant's website and it was, or should have been, aware of that fact. As the owner of its respective website, defendant New York Media knew or should have known that it did not have a license to use plaintiff's image on its website.

50.    Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringement occurred on defendant's website.

51.    Defendant obtained some financial benefit from the infringement of plaintiff's rights in the Image because it published advertisements and links to other content and because it was a draw for viewers regardless of the revenue received from advertising. Accordingly, defendant had an incentive to permit infringement by the Direct Infringers.

52.     As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

53.     Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at his election, statutory damages.

54.     Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

55.     Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following:

A.     For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B.     For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.     As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by the defendant without plaintiff's authorization—as well as all related records and documents.

D.     For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages.

E.     For an award of pre-judgment interest as allowed by law;

F.     For reasonable attorney fees.

G.     For court costs, expert witness fees, and all other amounts authorized under law.

H.     For such other and further relief as the Court deems just and proper.

1

## JURY TRIAL DEMAND

2        Plaintiff demands a trial by jury of all issues permitted by law.

3

4    Dated:  September 9, 2019        Respectfully submitted,

5                                     **PERKOWSKI LEGAL, PC**

6                                     By:    /s/ Peter Perkowski

7                                            Peter E. Perkowski

8                                            Attorneys for Defendant
                                             MICHAEL GRECCO PRODUCTIONS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT